FILED

Feb 24 2017, 11:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Jerry L. McClure
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry L. McClure, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | February 24, 2017 <br><br> Court of Appeals Case No. <br> 79A02-1501-PC-36 <br><br> Appeal from the Tippecanoe <br> Superior Court <br><br> The Honorable Thomas H. Busch, <br> Judge <br><br> Trial Court Cause No. <br> 79D02-1408-PC-9 |

**Najam, Judge.**

## Statement of the Case

[1]     On remand from the Indiana Supreme Court, Jerry L. McClure argues that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief. We hold that McClure has not met his burden on appeal to

demonstrate error. Accordingly, on the merits of McClure's argument, we affirm.

## Facts and Procedural History

[2] The facts underlying McClure's convictions were stated by this court during his direct appeal:

> On January 17, 2006, McClure went to a store in Lafayette armed with a knife with the intent to rob someone. McClure selected Phyllis Washington as his victim because she was older and he believed she would be easier to rob than a man or a younger woman. McClure confronted Washington, stabbed Washington in an attempt to get her purse, and took her purse. Washington suffered serious bodily injury as a result of the attack.
>
> The State charged McClure with attempted murder as a class A felony, robbery resulting in serious bodily injury as a class A felony, aggravated battery as a class B felony, battery resulting in serious bodily injury as a class C felony, theft as a class D felony, and being an habitual offender. The trial court scheduled a jury trial for August 1, 2006. On July 26, 2006, McClure pleaded guilty to robbery resulting in serious bodily injury as a class A felony and being an habitual offender, and the State dismissed the remaining charges and agreed not to seek probation revocation in any pending case.

*McClure v. State*, No. 79A02-0609-CR-818, 2007 WL 2390175, at *1 (Ind. Ct. App. Aug. 23, 2007) (footnotes omitted), *trans. denied*. We affirmed McClure's sentence on appeal.

[3]     Thereafter, McClure filed a petition for post-conviction relief.[1] According to McClure, the trial court committed fundamental error when it accepted his guilty plea on the habitual offender enhancement without a factual basis for that plea, especially as that factual basis may have related to the identity and sequence of predicate offenses; and his trial counsel rendered ineffective assistance when he "allowed McClure to plea[d] guilty to the Habitual Offender Count." Appellant's Br. at 5, 7-8.

[4]     McClure proceeded pro se. Accordingly, pursuant to the discretion expressly afforded to it under Section 9(b) of Indiana Post-Conviction Rule 1, the post-conviction court ordered the cause submitted upon affidavit. In particular, the court ordered McClure "to submit [an] affidavit in support of [his] petition for post-conviction relief within sixty days," with the State to file a responsive affidavit within thirty days of McClure's submission. Appellant's App. at 4.

[5]     McClure never submitted an affidavit in support of his petition for post-conviction relief. Neither does the record on appeal demonstrate that he objected to the post-conviction court's decision to proceed upon affidavit. In light of McClure's lack of a supporting affidavit, the State moved for summary disposition of McClure's petition. The post-conviction court granted the State's motion and denied McClure's petition for relief.

---

[1] McClure has not included a copy of his petition in his appendix on appeal, but the State does not challenge McClure's assertions regarding the issues he raised in his petition.

[6] McClure initiated an appeal from the post-conviction court's judgment. After numerous notices of defects with his appellate filings and his attempts to cure those defects, upon McClure's motion this court granted him leave to file a belated brief. McClure received further notices of defects, but, on November 23, 2015, we granted McClure's motion to file his brief on appeal. However, McClure's defective appendix remained not filed, and, on February 16, 2016, we dismissed McClure's appeal in a memorandum decision due to the absence of a record on appeal for us to review.

[7] McClure filed a petition for transfer of jurisdiction to the Indiana Supreme Court. The Indiana Supreme Court ordered McClure's appendix to also be filed. Subsequently, the court remanded McClure's appeal to this court for our review of the merits of his appeal.

## Discussion and Decision

[8] McClure appeals the post-conviction court's summary disposition of his petition for post-conviction relief. As our supreme court has explained:

> An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Thus summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact.

*Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008) (citations omitted). In summary judgment proceedings, the moving party (here, the State) is the party

that bears the burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014). However, a trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court (here, McClure) has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012), *trans. denied*.

[9] On appeal, McClure asserts that the post-conviction court erred when it denied his petition for post-conviction relief for several reasons. Specifically, McClure asserts (1) that the trial court committed fundamental error when it accepted his guilty plea on the habitual offender enhancement without a factual basis for that plea, especially as that factual basis may have related to the identity and sequence of predicate offenses;[2] (2) that his trial counsel rendered ineffective assistance when he "allowed McClure to plea[d] guilty to the Habitual Offender Count," Appellant's Br. at 5, 7-8, and (3) that the post-conviction court erred when it summarily disposed of his petition without a hearing.

[10] McClure has not carried his burden on appeal with respect to any of his claims for relief. The chronological case summary from the post-conviction court demonstrates that McClure did not submit an affidavit, or any other evidence, to the post-conviction court pursuant to its order to proceed upon affidavits.

---

[2] McClure states this one issue as two in his brief on appeal.

Having presented no evidence whatsoever to the post-conviction court pursuant to its order and in support of his allegations, we cannot say that the post-conviction court erred when it granted the State's subsequent motion for summary disposition of McClure's petition for post-conviction relief. Thus, we affirm the post-conviction court's judgment on the merits of this appeal.

[11] Affirmed.

Bailey, J., and May, J., concur.