## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2017, 9:46 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

<table>
<tbody>
<tr><td>

**APPELLANT PRO SE**

Robert White
Greencastle, Indiana

</td><td>

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

</td></tr>
</tbody>
</table>

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tbody>
<tr><td>

Robert White,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

</td><td>

October 18, 2017

Court of Appeals Case No.
18A02-1703-PC-550

Appeal from the
Delaware Circuit Court

The Honorable
Kimberly S. Dowling, Judge

Trial Court Cause No.
18C02-1609-PC-18

</td></tr>
</tbody>
</table>

**Kirsch, Judge.**

[1]     Robert White ("White") appeals the summary denial of his successive petition for post-conviction relief ("PCR") raising two issues, of which we find the

following restated issue to be dispositive: whether the post-conviction court erred by granting the State's motion for summary disposition as to White's successive PCR petition without holding an evidentiary hearing.

[2] We reverse and remand for further proceedings.[1]

## Facts and Procedural History

[3] The facts related to White's underlying offenses were set forth in his direct appeal, *White v. State*, 756 N.E.2d 1057, 1059 (Ind. Ct. App. 2001), *trans. denied*. In May 2000, White forced his way into R.A.'s apartment in Muncie, Indiana, threatened to kill her, performed oral sex on her, and raped her twice. A jury found White guilty of one count of Class A felony rape, and in February 2001, the trial court sentenced him to forty years executed. White's conviction and sentence were affirmed on direct appeal. In May 2002, White, pro se, filed his first PCR petition, which the post-conviction court denied. In November 2003, our court affirmed the post-conviction court's denial of White's petition.

[4] Thirteen years later, White requested permission to file a successive PCR petition on the grounds of newly discovered evidence. Our court granted White's motion after finding he had "established a reasonable possibility that he [was] entitled to post-conviction relief." *Appellant's App. Vol. II* at 10-11. On or about September 15, 2016, White, pro se, filed his Form for Successive Post-

---

[1] White also contends that he was denied the right to counsel. Because we remand for further proceedings, we need not discuss that issue.

Conviction Relief Rule 1 Petition ("Successive PCR Petition"), with attached Exhibits A and B, alleging that trial counsel was ineffective for not timely notifying him of the State's plea offer.[2]  Exhibit A was a one-page fax, dated June 22, 2000, sent from the prosecutor's office to White's trial attorney, Alan Wilson ("Wilson").  Exhibit A reflected the State's offer to allow White to plead guilty to a lesser-included Class B felony and set October 12, 2000 as the deadline for accepting the offer.  Exhibit B was a copy of just the transmission page of a five-page fax, dated November 20, 2000, sent from Wilson to the prosecutor's office and on which Wilson had handwritten, "I blew this one." *Id*. at 9.  White offered these faxes as newly discovered evidence of Wilson's ineffective representation.[3]

[5]  The State filed an answer to White's Successive PCR Petition, and White, pro se, filed his response.  On October 17, 2016, the post-conviction court held a pre-trial hearing, at which White participated via telephone.  *Tr. Vol. II* at 3.  During that hearing, the State informed the post-conviction court of its intent to file for summary disposition, and White agreed to take part in the summary disposition hearing via telephone.  *Id*. 4, 6.  However, as the following

---

[2] While discussed by both parties in their briefs, the Successive PCR Petition (with attached Exhibits A and B), is not in the record before us.  We note, however, that the State filed the Successive PCR Petition with the post-conviction court as part of its designated evidence relating to the State's motion for summary disposition.  Because this appeal arises from those proceedings, we take judicial notice of, and incorporate herein, the Successive PCR Petition and its exhibits, a copy of which can be found in Indiana's Odyssey Case Management System under the trial court cause number 18C02-1609-PC-18. *See Horton v. State*, 51 N.E.3d 1154, 1160 (Ind. 2016) (Indiana Evidence Rule 201(b)(5), as amended effective January 1, 2010, "now permits courts to take judicial notice of 'records of a court of this state[.]'"

[3] White said that he had found the two faxes in a file that had only been released to him in October 2015.

exchange reflects, White asked to be present for the post-conviction evidentiary hearing:

> THE COURT: . . . I'm trying to figure out the logistics of the trial. So first of all, do you have any objection to handling that trial by telephone on February 2nd?
>
> THE PETITIONER: I would rather be present.
>
> THE COURT: You would rather be present. All right, then I'll have the court reporter do an order to transport you for that hearing, all right.
>
> THE PETITIONER: All right.
>
> THE COURT: Okay. But, the summary judgment hearing I think we can do by phone. And, when we get that, I'll set a separate hearing for that, okay.
>
> THE PETITIONER: All right.

*Id.* at 6.

[6] On October 21, 2016, the State filed a petition for summary disposition as to the Successive PCR Petition and attached thereto an affidavit sworn to by trial attorney Wilson.[4] *Appellant's App. Vol. II* at 3. As part of his affidavit, Wilson

---

[4] Also attached to the State's petition for summary disposition was an affidavit sworn to by an attorney with the prosecutor's office. That affidavit addressed only issues pertaining to Exhibit B. Specifically, the attorney said that Wilson's comment, "I blew it," related only "to the fact that Wilson had not timely filed a notice of

declared, "The November 20, 2000 fax cover sheet[, Exhibit B,] in no way related to the [sic] whether I timely conveyed the State's plea offer to Mr. White. *I conveyed the offer to Mr. White before the offer expired. After he and I discussed the offer, Mr. White chose to reject the offer and proceed to trial* wherein he was convicted of Rape, a Class A Felony." *Id*. at 21-22 (emphasis added).

[7] On November 28, 2016, the post-conviction court held a hearing on the State's motion for summary disposition; only the State's attorney and White, via telephone, participated in that hearing. In support of its position, the State argued "that there were two (2) affidavits that were attached to [the State's] motion, both which clearly dispute what Mr. White claims in his petition. I think based on those affidavits I think the Court is within its authority to grant that motion."[5] *Tr. Vol. II* at 13. The State argued that there were three issues,

> all of which [were] ineffective assistance of counsel at the various stages of the case[, trial, appellate, and post-conviction]. Based on what the facts of this case are and as the evidence appears to show, there doesn't appear to be any genuine issue of material fact. And given that fact and the nature of evidence that [the State] submitted with [its] motion for summary judgment, the State would just ask that the Court grant that motion.

intent to offer evidence under Rule 412." *Appellant's App. Vol. II* at 28. White raises no issues pertaining to Exhibit B. Accordingly, the prosecutor's affidavit is irrelevant to White's claim on appeal.

[5] The affidavits to which the State referred were those of Wilson and the prosecutor. However, as we note above, only Wilson's affidavit is relevant to the question of whether there was a genuine issue of material fact that Wilson told White about the State's plea offer.

*Id.* at 12.  The State's key evidence was Wilson's statement that he had communicated the plea offer to White—a statement that, if true, would have undermined each of White's claims for ineffective assistance of counsel.

[8]   White, under oath, disagreed with the State's argument and engaged with the post-conviction court in the following exchange:

> THE COURT:  Okay.  Well I understand that you disagree, but the State's motion was kind of, was detailed and it had some affidavits and some documents attached to it.  So I'm going to need you to address what the State has alleged in their filing.
>
> THE PETITIONER:  . . .  I'm saying my attorney was ineffective.  He never did tell me about the plea bargain.  You know, what I'm saying.  That's my argument.  I'm going to stand by it.  If he had told me about the plea bargain, I would have signed the plea bargain.  There's a difference between an A and a B [felony], you know what I'm saying.  The man has took [sic] seventeen (17) years of my life, you know what I'm saying, when I could have signed the plea bargain and been home with my kids.  . . .

*Id.* at 12-13.

[9]   After both sides had rested, the post-conviction court asked White whether there was anything else he wanted to introduce into evidence.  *Id.* at 15.  White responded that he wanted a witness subpoenaed to court to testify that Wilson had also failed to inform the witness of a plea offer.  *Id.*  The State objected on the basis that the witness had no specific knowledge about White's case, and the post-conviction court, after taking the matter under advisement, denied

White's request for a subpoena. *Id*. at 15-17. The post-conviction court granted the State's motion for summary disposition on December 13, 2016, effectively denying White's Successive PCR Petition. *Appellant's App. Vol. II* at 40-42. The post-conviction court supported its conclusion, in part, with the following findings:

> 13. The November 20, 2000 fax cover sheet in no way related to whether trial counsel timely conveyed the State's plea offer to [White].[6]

> 14. Trial counsel conveyed the plea offer to [White] before the offer expired. After counsel discussed the plea offer with [White], [White] chose to reject the offer and proceed to trial wherein he was convicted of Rape, a Class A felony.

> 15. Consequently, there is no genuine issue of material fact as to the claim alleged in Paragraphs 8(a) and 9 (a) of the Successive Petition for Post-Conviction Relief and the State of Indiana is entitled to judgement as a matter of law.

*Id.* at 41.

[10] White filed a motion to correct error. During the hearing on that motion, White said, "I'm not really concerned about exhibit B [Wilson's fax saying, "I BLEW IT"]. Exhibit A [the fax from the State advising Wilson of the plea offer] is my main, you know what I'm saying, about my whole appeal anyway.

---

[6] White does not dispute this fact.

He [the deputy prosecutor] keep saying [sic] in here about exhibit A and exhibit B, but I don't care about exhibit B. I'm talking about exhibit A." *Tr. Vol. II* at 22. White explained that Exhibit A was important because it reflected the existence of a plea offer. White argued, "[Wilson] states in his affidavit that he told me about a plea bargain. [Wilson] never told me about anything." *Id.* at 23. White testified that he filed the Successive PCR Petition because:

> [Wilson] was ineffective and he never told me about a plea bargain. I would have took [sic] an open B over a Class A felony, you know what I'm saying. I never knew about it . . . . But, if I knew about it, I would have took [sic] it. Who wouldn't? You know what I'm saying, fifty (50) years to twenty (20) years, I would have took [sic] it. He never told me anything.

*Id.* at 23-24.

[11] The State, in turn, argued that White's motion to correct error should be denied because White's testimony during the summary disposition hearing consisted only of hearsay, *i.e.*, stories from other inmates. *Id.* at 24. The State asserted that White offered no evidence to refute Wilson's sworn statement that he told White about the plea offer. *Id.* The State inquired:

> [C]an White now today reopen the evidence in the matter and now say, present his testimony that he disputes what Mr. Wilson is saying? I don't know the answer to that question. It seems to me he can't. I mean, the verified motion to correct error is asking you to fix a legal error, not reopen the hearing on summary judgment. But, so I think that's where we're at.

. . . .

> I mean, if you're still convinced that there's no genuine issue of material fact, then I think the verified motion to correct error should be denied. If you think there is a genuine issue of material fact, then I suppose we should, you should set the order on my motion for summary judgment aside and set the matter for hearing.

*Id.* at 25. The post-conviction court noted that White offered no new evidence regarding the existence of a genuine issue of material fact and denied White's motion to correct error. *Id.* at 26. White now appeals.

## Discussion and Decision

[12] Our standard of review in post-conviction proceedings is well settled. Post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. *Binkley v. State*, 993 N.E.2d 645, 649 (Ind. Ct. App. 2013) (citing *Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010), *trans. denied*). Such proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "'A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court.'" *Id.* (quoting *Shepherd*, 924 N.E.2d at 1280). The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. *Id.* If a PCR petitioner was denied relief, he or

she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court." *Osmanov v. State*, 40 N.E.3d 904, 907 (Ind. Ct. App. 2015).

[13] White appeals the post-conviction court's order summarily denying post-conviction relief on his Successive PCR Petition. Specifically, he claims that the post-conviction court erred when it failed to hold an evidentiary hearing because there existed the disputed fact of whether trial counsel informed him of the State's plea offer.

[14] "A claim of ineffective assistance of [trial] counsel must satisfy two components." *Woods v. State*, 48 N.E.3d 374, 377 (Ind. Ct. App. 2015) (citing *Strickland v. Washington*, 466 U.S.668, 687 (1984)). "First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (citing *Strickland*, 466 U.S. at 687). "Second, the defendant must show prejudice: a reasonable probability (*i.e.*, a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 669).

[15] Here, the State moved for summary disposition. Post-Conviction Rule 1, section 4, subsection (g) provides that a court may grant summary disposition upon motion by either party and after considering the pleadings and other evidence submitted.

[16]    When a court disposes of a petition under subsection (g):

> [W]e review the lower court's decision as we would a motion for summary judgment. We face the same issues that were before the post-conviction court and follow the same process. A grant of summary disposition is erroneous unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We must resolve all doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor. The appellant has the burden of persuading us that the post-conviction court erred.

*Binkley*, 993 N.E.2d at 650 (quoting *Allen*, 791 N.E.2d at 753) (internal quotation marks omitted). As our Supreme Court has explained:

> An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Thus summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact.

*McClure v. State*, 71 N.E.3d 845, 847 (Ind. Ct. App. 2017) (quoting *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008) (citations omitted)), *trans. denied*. "In summary judgment proceedings, the moving party . . . is the party that bears the burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id*. (citing *Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014)). Once the movant, in this case the State, has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial.

[17]     White's Successive PCR Petition alleged that he was prejudiced by Wilson's ineffective representation because, without knowledge of the State's plea offer, which White claims he would have accepted, White was subjected to a longer sentence. As part of its motion for summary disposition, the State offered Wilson's affidavit that in relevant part said, "I [timely] conveyed the [plea] offer to Mr. White before the offer expired. After he and I discussed the offer, Mr. White chose to reject the offer and proceed to trial . . . ." *Appellant's App. Vol. II* at 21-22. Through this affidavit, the State met its burden of showing there was no genuine issue of material fact, and the burden shifted to White to show that a genuine issue of material fact existed on the issue of whether he was told about the plea offer.

[18]     During the hearing on the State's motion for summary disposition, White, via telephone, testified under oath as follows:

> I'm saying my attorney was ineffective. He never did tell me about the plea bargain. You know, what I'm saying. That's my argument. I'm going to stand by it. If he had told me about the plea bargain, I would have signed the plea bargain. There's a difference between an A and a B [felony], you know what I'm saying. The man has took [sic] seventeen (17) years of my life, you know what I'm saying, when I could have signed the plea bargain and been home with my kids. . . .

*Tr. Vol. II* at 13.

[19]     Facts are decided, in part, based on the credibility of witnesses. During the preliminary hearing, White had requested of the post-conviction court that he

be allowed to be present during hearings. The post-conviction court agreed that White could be physically present at the evidentiary hearing on the Successive PCR Petition, but concluded that White would appear via telephone for the hearing on the State's motion for summary disposition. At the summary disposition hearing, both White and Wilson gave conflicting statements under oath that were significant to the determination of whether Wilson informed White about the State's plea offer. The statements of White and Wilson were supported by nothing more than the post-conviction court's determination of their credibility. Because the ineffectiveness claim relied on a factual determination of whether Wilson told White about the State's plea offer, the post-conviction court had before it a genuine issue of material fact. It was not within the province of the post-conviction court to grant the State's motion for summary disposition by deciding a genuine issue of material fact as part of the summary disposition hearing.

[20] Finding that the post-conviction court erred in summarily denying White's Successive PCR Petition, we reverse the post-conviction court's grant of the State's motion for summary disposition and remand this case to the post-conviction court for a hearing on the merits of whether White's trial counsel denied him the right to effective assistance of counsel.

[21] Reversed and remanded for further proceedings.

[22] Najam, J., and Brown, J., concur.