DICKSON, Justice.
Four years after his guilty plea, conviction, and sentence for child molesting, the defendant sought post-conviction relief on grounds of newly discovered evidence. The post-conviction court granted the State’s motion for summary disposition,[1] and the defendant appealed. The Court of *1151 Appeals reversed and remanded for an evidentiary hearing before the post-conviction court. Norris v. State, 881 N.E.2d 691, 692 (Ind.Ct.App.2008). We granted transfer and now hold that a guilty plea may not be challenged in post-conviction proceedings by a claim of newly discovered evidence regarding the events that constituted the crime.
In June 2004, the State filed a delinquency petition charging that the defendant, prior to his eighteenth birthday, had performed an act that, if committed by an adult, would constitute Child Molesting, a class C felony. The juvenile court waived jurisdiction and child molesting charges were filed against the defendant in adult court. On December 9, 2004, the defendant pleaded guilty in accordance with a plea agreement calling for a maximum executed sentence of two years, which was imposed by the trial court. The defendant did not attempt a direct appeal but in December 2006 filed a Petition for Post-Conviction Relief on the grounds of newly discovered evidence to show “that the events with which the Petitioner was charged did not happen, and that the testimony and evidence was manufactured and that the Petitioner is innocent of all charges filed against him.” Appellant’s App’x at 46. The defendant’s post-conviction petition did not allege ineffective assistance of counsel. He is not seeking to withdraw his plea and proceed to trial but rather to set aside and vacate his conviction. Id. The State moved for summary disposition, to which the defendant responded with various items, including an affidavit from Colleen Norris, mother of the victim and sister of the defendant, recanting allegations she had made to police in 2004 accusing the defendant of sexually molesting her daughter. In its order granting the State’s motion for summary disposition, the trial court found “that there is no genuine issue of material fact, that the Petitioner did indeed do what he admitted, and the State is entitled to judgment as a matter of law.” Appellant’s App’x at 75-6.
The defendant’s appeal contends that genuine issues of material fact preclude the grant of summary disposition. In opposition to the State’s motion for summary disposition, the defendant submitted an affidavit from his sister declaring that she had lied to police and that the defendant had not committed any act of molestation, and a psychological evaluation that the defendant contends shows that, “because of his limited mental capacity and personality, [he] could be convinced to say anything she wanted him to believe.” Appellant’s Br. at 8. The defendant argues that these submissions entitled him to an evi-dentiary hearing on his petition for post-conviction relief.
An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Allen v. State, 791 N.E.2d 748, 752 (Ind.Ct.App.2003), trans. denied. Thus summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact. Burnside v. State, 858 N.E.2d 232, 237 (Ind.Ct.App.2006), trans. not sought. The question presented by this case, whether a conviction following a plea of guilty may be challenged by alleging newly discovered evidence relating to the nature of the charged offense, is such a question of law.
A conviction entered pursuant to a guilty plea stands on grounds substantially different from one entered based on a determination of guilt following the presentation of evidence. The former does not rest upon any factual evidence other than a defendant’s testimony establishing the *1152 factual basis for his plea. Of course, the sentence imposed following such conviction is based on sentencing facts, but the essence of the present appeal is a challenge to the conviction, not the sentence. The defendant’s petition for post-conviction relief is seeking to vacate his sentence by presenting “evidence of material fact which had not previously been presented to or heard by the court which would have proven he did not commit the crime.” Appellant’ Br. at 2. His conviction was based, however, only on his plea of guilty, not upon the testimony of his sister whose recantation he now presents to support his claim. He thus wishes to now contest the factual accuracy of his own guilty plea. This challenge implicates the nature and purpose of a guilty plea.
In 1970, the United States Supreme Court found that the federal Constitution did not bar a court from accepting a guilty plea when the defendant maintains innocence. North Carolina v. Alford, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). But Alford explicitly recognizes that the individual states may refuse to accept guilty pleas that accompany protestations of innocence. Id. at 38 n. 11, 91 S.Ct. 160. Indiana law has long refused to accept such “Alford” pleas. Over fifty years ago, this Court held that “a plea of guilty tendered by one who in the same breath protests his innocence, or declares he does not actually know whether or not he is guilty, is no plea at all.” Harshman v. State, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953). “A defendant who says he did the crime and says he did not do the crime has in effect said nothing, at least nothing to warrant a judge in entering a conviction.” Carter v. State, 739 N.E.2d 126, 128-29 (Ind.2000). Indiana jurisprudence has insisted that a factual basis must exist for a guilty plea, and that a judge may not accept a guilty plea while a defendant claims actual innocence. Ross v. State, 456 N.E.2d 420, 423 (Ind.1983). This rule was designed to both increase the reliability of guilty pleas and prevent the diminishment of respect for the court system as jailing people who committed no crime. See Trueblood v. State, 587 N.E.2d 105, 107 (Ind.1992).
A defendant’s plea of guilty is thus not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence. It also, and more importantly, conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment. The defendant here is seeking to undermine the sanctity of his own guilty plea by seeking to challenge facts that were presented to police and led to his arrest and the filing of criminal charges against him. He is not contesting any testimonial evidence at trial that resulted in a determination of guilt notwithstanding a not-guilty plea.
Our post-conviction procedures do not expressly address this distinction. Indiana Post-Conviction Rule P-C 1 provides in relevant part:
Section 1. Remedy—To whom available—Conditions
(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
[[Image here]]
(4)that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
[[Image here]]
may institute at any time a proceeding under this Rule to secure relief.
* * *
Section 8. Waiver of or failure to assert claims.
*1153 All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.
Ind. P-C.R. l(l)(a), (8).
In establishing the extraordinary remedy of post-conviction relief, we intended the phrase “material facts, not previously presented and heard,” in Section 1(a)(4), to refer to evidentiary facts presented to the trial court and which had a sufficient causative effect on a resulting determination of guilt. More significantly, post-conviction relief generally may not be based upon any “ground ... knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction.” P-C.R. 1(8). A plea of guilty thus forecloses a post-conviction challenge to the facts adjudicated by the trial court’s acceptance of the guilty plea and resulting conviction. The facts established by a plea of guilty may not be later challenged in post-conviction proceedings.[2]
Though this defendant now claims that new evidence would require that his conviction be vacated, we cannot harmonize this new position taken by the defendant with the fact that he originally admitted to committing the crime by his guilty plea. It is inconsistent to allow defendants who pleaded guilty to use post-conviction proceedings to later revisit the integrity of their plea in light of alleged new evidence seeking to show that they were in fact not guilty. Both his confession and his new claims cannot be true. A defendant knows at the time of his plea whether he is guilty or not to the charged crime. With a trial court’s acceptance of a defendant’s guilty plea, the defendant waives the right to present evidence regarding guilt or innocence. This constitutes a waiver under P~ C.R. 1(1)(8), set forth above.
To reinforce his claim of newly discovered evidence that the defendant’s sister (whose report to law enforcement which led to his arrest and the filing of charges) has now recanted, the defendant claims that such evidence would show that, because of his limited verbal and non-verbal skills, low intellectual functioning, and mild mental retardation, the defendant’s sister “could convince [him] to say what she wanted him to say.” Appellant’s Br. at 14. A defendant may have recourse to post-conviction proceedings to seek a withdrawal of his guilty plea whenever the plea was not knowingly and voluntarily made. I.C. § 35 — 35—1—4(c)(3). But here the defendant is not asserting a claim challenging the knowing and voluntary nature of his plea nor seeking to withdraw his plea. The defendant has already served his sentence of imprisonment and does not wish to set aside his guilty plea and proceed to trial, but rather seeks only to set aside and vacate his conviction. Appellant’s App’x at 46. This was repeatedly confirmed by defense counsel during oral argument. The issue of whether the defendant’s plea was knowing and voluntary is therefore not presented.
We affirm the trial court’s granting of the State’s motion for summary disposition *1154 and the resulting denial of the defendant’s petition for post-conviction relief.
SHEPARD, C.J., and SULLIVAN, J., concur.
BOEHM, J., concurs in result with separate opinion in which RUCKER, J., concurs.

. P-C.R. 1, section 4(g) states
The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

. This appeal does not involve any request for post-conviction DNA testing that pursuant to statute, if favorable to the defendant, may result in "a new trial or any other relief as may be appropriate under Indiana law or court rule.” Ind.Code § 35-38-7-19(3).