**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 23 2014, 6:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JUAN M. FOX**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN M. FOX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A05-1403-MI-120 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1310-MI-108

**December 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Juan Fox, *pro se*, admitted to several alleged parole violations, and his parole was consequently revoked. Fox then filed a writ of habeas corpus, but the trial court granted summary disposition in favor of the State. Fox appeals the trial court's order granting summary disposition, asking whether his sex offender parole stipulations (1) violated his right to due process or (2) violated the Ex Post Facto Clause of the Indiana Constitution. We conclude, however, that because Fox admitted to his alleged parole violations and because several of those violations were ordinary parole restrictions—independent of his challenged sex offender stipulations—Fox's parole revocation is lawful, regardless of the merits of his claim. Accordingly, we affirm.

## Facts and Procedural History

Fox was previously convicted of rape and sentenced on June 14, 1994, and he was released on probation on October 8, 1999. In 2001, Fox was convicted of robbery and sentenced to twenty-five years imprisonment. On August 22, 2012, Fox was released on parole. As a condition of his parole, Fox signed a standard Conditional Parole Release Agreement and a form containing parole stipulations for sex offenders. Fox was declared delinquent on October 25, 2012, and a parole violation warrant was issued on October 31, 2012. The State alleged Fox violated two conditions of the Conditional Parole Release Agreement: (1) changing residence without permission and (2) failure to report to his parole officer. The State also alleged Fox violated four conditions of the parole stipulations for sex offenders: (1) failure to attend sex offender treatment; (2) failure to register as a sex offender; (3) removing GPS unit without permission; and (4) failing to

2

return an issued GPS unit. On April 10, 2013, Fox waived his preliminary hearing and admitted to the following parole violations: (1) changing residence without permission; (2) failure to report; (3) removing GPS unit without permission; and (4) failing to return an issued GPS unit. On May 23, 2013, the parole board held a final revocation hearing, found Fox guilty of all alleged violations, and revoked his parole.

On October 23, 2013, Fox filed a writ of habeas corpus, challenging the revocation of his parole on the grounds that imposition of the sex offender stipulations as conditions of his parole violated the federal and Indiana constitutions. The trial court determined that Fox's petition was appropriately treated as a petition for post-conviction relief. On November 27, 2013, the State filed its motion for summary disposition, which the trial court granted. Fox now brings this appeal.

## Discussion and Decision

### I. Standard of Review

We review a grant of summary disposition in post-conviction proceedings in the same way as a civil motion for summary judgment. Norris v. State, 896 N.E.2d 1149, 1151 (Ind. 2008). We review the matter de novo when the determinative issue is one of law, not fact. Id. Summary disposition should be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ind. Post-Conviction Rule 1(4)(g).

### II. Revocation of Fox's Parole

Fox contends that revocation of his parole was improper because the imposition of sex offender stipulations as a condition of his parole violate his right to procedural due

process and the Ex Post Facto Clause of the Indiana Constitution. The State argues that Fox has waived his ability to make these claims by pleading guilty to his alleged parole violations and failing to assert these claims during the revocation proceedings. See Brief of Appellee at 4-5.[1] Fox attempts to address this argument on reply, contending that his agreement to the parole stipulations for sex offenders does not waive his claims because the form did not include a waiver of rights. However, Fox misunderstands the State's argument and does not address the fact that he admitted to his alleged violations, which is the basis for the State's waiver argument.[2]

Even assuming, *arguendo*, that Fox's constitutional claims are not waived, he has nonetheless failed to present this court with a claim that would entitle him to relief. Fox's claims are made strictly with respect to the parole stipulations for sex offenders that were enforced against him. But two of his admitted violations stem from conditions under the Conditional Parole Release Agreement, which is separate from the sex offender stipulations. The Conditional Parole Release Agreement, to which Fox agreed, states quite clearly that "any acts of [sic] omissions in violation of the terms and conditions of

---

[1] The State cites two cases in support of its argument: United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); and Games v. State, 743 N.E.2d 1132, 1135 (Ind. 2001) ("Defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights."). Neither case involves revocation of parole, but the State submits that the situations are analogous.

[2] The following waiver of rights was contained in the Waiver of Preliminary Hearing signed by Fox: "I understand that by waiving my right to a preliminary hearing, I am giving up the right to: appear and speak on my own behalf, call witnesses and present evidence, confront and cross examine witnesses brought against me, and to receive a written statement of the findings of fact and the evidence relied upon at the preliminary hearing. I am also giving up the right to have the presence and participation of counsel at the preliminary hearing." Appellant's Appendix at 30. The Waiver of Preliminary Hearing also included Fox's plea of guilty to four alleged violations and a sentence stating Fox's plea would be used as evidence of his guilt at the final revocation hearing before the Indiana Parole Board.

my parole will subject me to being taken into immediate custody . . . and initiation of proceedings for revocation of my parole." Appellant's App. at 26 (emphasis added). Simply stated, Fox's admitted violations of the conditions of that agreement were sufficient to support his revocation, irrespective of his separate violations of the sex offender stipulations.

"It has long been the rule in Indiana that the discretion of the Parole Board is not subject to supervision or control of the courts." Hawkins v. Jenkins, 268 Ind. 137, 143, 374 N.E.2d 496, 500 (1978). "[O]nce the [Parole] Board has fulfilled [the statutory procedural requirements], it has almost absolute discretion in making its decision and such discretion will not be interfered with by the courts." Id. We believe, similar to revocation of probation, violation of a single parole condition is sufficient to revoke parole. Cf. Snowberger v. State, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010) ("The violation of a single condition of probation is sufficient to revoke probation."). Because Fox admitted to violating parole conditions unrelated to the sex offender stipulations he challenges, and because his violation of those conditions is sufficient to revoke his parole, the parole board was well within its discretion to revoke Fox's parole regardless of whether the sex offender stipulations were unconstitutionally applied as conditions of his parole. We could not conclude the parole board's decision to revoke parole for any act in violation of the terms of Fox's Conditional Parole Release Agreement is an abuse of discretion. Therefore, Fox has presented this court with allegation of error that is harmless, if not meritless.

## Conclusion

Concluding Fox's parole was properly revoked for violations of parole conditions unrelated to the sex offender stipulations he challenges and that his alleged error is therefore, at best, harmless, we affirm.

Affirmed.

BAILEY, J., and BROWN, J., concur.