## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 06 2017, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Clayton S. Lindsey
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clayton S. Lindsey,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 6, 2017

Court of Appeals Case No.
46A03-1701-CR-44

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-0909-MR-496

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Clayton Lindsey (Lindsey), appeals the post-conviction court's order granting the State's motion for summary disposition.

We affirm.

# ISSUE

Lindsey presents one issue on appeal, which we restate as: Whether the post-conviction court erred in granting the State's motion for summary disposition.

# FACTS AND PROCEDURAL HISTORY

On September 21, 2009, the State filed an Information, charging Lindsey with two Counts of murder, and one Count of burglary, a Class B felony. On July 18, 2011, Lindsey was sentenced to concurrent sixty-five year sentences for the murder convictions, and a consecutive twenty-year sentence for the burglary conviction, with ten years suspended to probation.

In 2013, Lindsey obtained his general education development diploma (GED), and completed a literacy basic life skills program. In 2016, Lindsey also completed a welding program. On July 11, 2016, Lindsey requested the dorm unit team office for a list of all his completed programs and their respective earned credits. The dorm unit team office responded by advising Lindsey that his earned credit time would be applied closer to his release date. On July 21, 2016, Lindsey filed a classification appeal with the DOC challenging the decision rendered by the dorm unit team office. On July 26, 2016, the DOC

denied Lindsey's application stating, in part, that the DOC "facility only enters the information for the time cuts. Central [O]ffice actually process them. The facility does not control this process." (Appellee's App. Vol. II, p. 38). On August 1, 2016, Lindsey filed an offender complaint, reiterating that he had earned additional credit time for obtaining a GED and completing two vocational programs. On August 2, 2016, the DOC responded by stating that, "central office will post when closer to outdate." (Appellee's Vol. II, p. 39).

[6] On September 14, 2016, Lindsey filed a motion for the award of additional credit time with the post-conviction court. On October 12, 2016, the post-conviction court denied Lindsey's motion stating that DOC had not denied Lindsey's request for additional time. In addition, the post-conviction court stated that Lindsey had not exhausted all of his administrative remedies with the DOC. On October 19, 2016, Lindsey filed another classification appeal with the DOC reiterating that he was entitled to the award of additional credit time. On October 20, 2016, the DOC responded by stating:

> The application of time credits for program completion is a central office function. Central [O]ffice has been consulted on this issue and they have advised that said application is arranged and applied to offenders based on their earliest projected release date. At some point in the future the credits that you have earned will be applied to your commitment(s).
>
> Your classification appeal is hereby denied.

(Appellee's App. Vol. II, p. 49).

[7]     Following the denial of his classification appeal, on October 25, 2016, Lindsey filed an appeal with the Central Office. The Central Office did not respond to Lindsey's appeal, and on November 17, 2016, Lindsey filed a motion to show compliance with the court order of October 12, 2016. In his motion, Lindsey claimed that he had exhausted all administrative remedies with the DOC, and the post-conviction court had jurisdiction to determine his appeal. On December 2, 2016, the State responded to Lindsey's motion by filing a motion for summary disposition, with an attached declaration sworn by Jennifer Farmer (Farmer), DOC's Director of Sentence Computation and Release Unit. In the declaration, Farmer acknowledged Lindsey's GED award, and completion of two other vocational programs. Farmer additionally declared that:

> 7. []DOC's Classification Division will conduct a final review of Lindsey's request and then recalculate Lindsey's earliest possible release date ("EPRD").
>
> 8. []DOC's Classification Division conducts its final review of time cut requests based on the requesting offender's EPRD.
>
> 9. Based on Lindsey's EPRD of 2047, his request for time cut has not been processed and applied at the time this declaration was signed.
>
> 10. As of November 29, 2016 at 3:48 p.m., there are approximately 2,802 other requests ahead of Lindsey's awaiting final review by []DOC's Classification Division.

(Appellee's App. Vol. II, p. 57). On December 12, 2016, the post-conviction court entered findings of fact and conclusions thereon granting the State's motion for summary disposition.

Lindsey now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

Lindsey argues that the trial court erred in granting the State's motion for summary disposition. We initially observe that Lindsey is *pro se* on appeal. *Pro se* litigants are held to the same standard as trained legal counsel and are required to follow the procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2005), *trans. denied*. It is an appellant's duty to provide a record that reflects the error alleged. *Williams v. State*, 690 N.E.2d 162, 176 (Ind. 1987). To the extent the record is inadequate, it results in waiver of the issue. *Id*.

We review the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a civil motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151nd. 2008). Summary disposition, like summary judgment, is a matter for appellate *de novo* review when the determinative issue is a matter of law, not fact. *Id*. In summary judgment proceedings, the moving party is the party that bears the burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014). However, a trial court's grant of summary judgment is clothed with a

presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012), *trans. denied.*

[12] Lindsey maintains that his earned credit time should be applied immediately to his sentence. In response, the State maintains the DOC's denial of Lindsey's request to the immediate application of additional credit time to his sentence was consistent with the DOC's policies and procedures. The State argues that the DOC did not refuse to award Lindsey's earned credit time; rather, the DOC indicated that it would grant him credit time at a later time as specified in its policy. In support of its argument, the State directs us to the DOC's response dated October 20, 2016. In that response, the DOC informed Lindsey that "Central [O]ffice has been consulted on this issue and they have advised that said application is arranged and applied to offenders based on their earliest projected release date. At some point in the future the credits that you have earned will be applied to your commitment." (Appellee's App. Vol. II, p. 49).

[13] In the summary disposition order, the post-conviction court recognized that pursuant to Indiana Code section 11-8-2-5(a)(8), the DOC is responsible for developing policies, programs, and services for committed persons, for administration of facilities, and for conduct of employees of the department. Here, the evidence before the post-conviction court shows that there was no genuine issue as to any material fact, and summary disposition was appropriate. The record demonstrates that DOC prioritizes credit time requests based on an

offender's release date. As of November 2016, there were approximately 2,802 requests ahead of Lindsey, and Lindsey's earliest release date is 2047. As per the DOC policies and procedures, DOC will process and complete Lindsey's request closer to his release date, which is thirty years away. Based on the evidence before it, the post-conviction court properly granted the State's motion for summary disposition.

Lindsey also asserts that the DOC's failure to award him additional credit time forecloses him from being "eligible for additional []DOC programs." (Appellant's Br. p. 9). In addition, Lindsey claims that if the credit time is not awarded now, it will be lost forever. Lindsey did not raise these additional arguments in his motion with the post-conviction court. Because Lindsey raises these arguments the first time on appeal, he waives them for appellate review. *See Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002)

# CONCLUSION

Based on the foregoing, we conclude that there are no genuine issues of material fact with respect to Lindsey's motion seeking the calculation of his credit time, and the post-conviction court correctly granted the State's motion for summary disposition.

Affirmed.

Najam, J. and Bradford, J. concur