## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 22 2018, 5:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony W. Shepard
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony W. Shepard,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | March 22, 2018<br><br>Court of Appeals Case No.<br>33A01-1611-PC-2716<br><br>Appeal from the Henry Circuit Court.<br>The Honorable Kit C. Dean Crane, Judge.<br>Trial Court Cause No.<br>33C02-1608-PC-3 |

**Friedlander, Senior Judge**

[1] Anthony Shepard violated the terms of his parole, and his parole was revoked. He filed a petition for post-conviction relief, which challenged the revocation of his parole. The post-conviction court granted summary disposition in favor of the State and denied Shepard's petition. Shepard, pro se, appeals from the post-

conviction court's denial of his petition. He raises a number of issues, which we combine and restate as whether the post-conviction court erred in summarily denying Shepard's petition for post-conviction relief. We reverse and remand.

[2] The facts of this case are as follows. In underlying cause number 02D04-0509-FB-131 ("FB-131"), Shepard was convicted of criminal deviate conduct, criminal confinement, criminal recklessness, domestic battery, and invasion of privacy. *See Shepard v. State*, No. 02A03-0607-CR-316, slip op. at 1 (Ind. Ct. App. December 12, 2007), *trans. denied*. He was sentenced to twenty years imprisonment. On direct appeal, we affirmed his convictions. *Id*.

[3] Shepard was released to parole on March 18, 2015. On or about April 24, 2015, and while on parole, Shepard was charged under cause number 02D06-1504-F6-387 ("F6-387") with two counts of domestic battery and one count of strangulation, as Level 6 felonies, and one count of Class A misdemeanor domestic battery. A parole violation warrant was issued on April 27, 2015. On September 21, 2015, Shepard pleaded guilty to Class A misdemeanor domestic battery under cause number F6-387. On November 10, 2015, after a hearing, the Parole Board revoked Shepard's parole and "assessed the balance of [his] sentence" under cause number FB-131. Appellant's App. Vol I., p. 7.

[4] On August 19, 2016, Shepard filed a pro se petition for post-conviction relief, challenging the revocation of his parole. Shepard alleged his parole officer misled him to believe that his parole in cause number FB-131 would not be

revoked and he would not be returned to prison if he pleaded guilty to misdemeanor domestic battery under cause number F6-387. He claimed that he was denied due process because "the agreement between [my parole agent] and myself (Anthony Shepard) was not upheld." *Id*. at 14.

[5] On September 28, 2016, the State moved for summary disposition. The State attached several certified records from the Indiana Department of Correction ("DOC") regarding Shepard's parole release and revocation. On October 28, 2016, the post-conviction court granted summary disposition in favor of the State and denied Shepard's post-conviction relief petition. The post-conviction court concluded that "the alleged interaction between [Shepard] and his parole officer has no effect on the Parole Board's decision;" a "condition to remaining on parole is that the parolee not commit a new crime during the period of parole;" Shepard pleaded guilty to the new offense of domestic battery; the "Parole Board was authorized by statute to revoke [Shepard's] parole;" and "Shepard received all of the minimum due process requirements of a parole revocation hearing." Appellee's App. Vol. II, pp. 30, 31. Shepard now appeals.

[6] The petitioner in a post-conviction proceeding bears the burden of proof, and an unsuccessful petitioner appeals from a negative judgment. *Pruitt v. State*, 903 N.E.2d 899 (Ind. 2009). A petitioner appealing from a negative judgment must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id*. We will disturb a post-conviction court's decision as being contrary to law only where

the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. *Id.*

[7] The post-conviction court granted summary disposition based on Indiana Post–Conviction Rule 1(4)(g). The rule allows a post-conviction court to grant a motion by either party "when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ind. Post–Conviction Rule 1(4)(g). The necessity of an evidentiary hearing is avoided when the pleadings present only issues of law. *Clayton v. State*, 673 N.E.2d 783 (Ind. Ct. App. 1996).

[8]
> We review the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a civil motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Summary disposition, like summary judgment, is a matter for appellate de novo review when the determinative issue is a matter of law, not fact. *Id.* Summary disposition should be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ind. Post–Conviction Rule 1(4)(g). "We must resolve all doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor." *Allen v. State*, 791 N.E.2d 748, 753 (Ind. Ct. App. 2003), *trans. denied*.

*Komyatti v. State*, 931 N.E.2d 411, 415-16 (Ind. Ct. App. 2010). The appellant has the burden of persuading us that the post-conviction court erred. *Allen,* 791 N.E.2d 748.

[9] As a general rule, defendants facing potential parole revocation are entitled to a number of procedural due process rights, which include: written notice of the parole violation charges, disclosure of the evidence against the parolee, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" parole hearing board, and a written statement by the board of the evidence relied upon and the reasons for revoking parole. *Harris v. State*, 836 N.E.2d 267, 280 (Ind. Ct. App. 2005) (citing *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)), *trans. denied*. Parolees also are entitled to a two-stage revocation procedure: (1) a preliminary hearing to determine whether there is probable cause to believe that the parolee has committed acts that would constitute a violation of parole conditions; and (2) a final revocation hearing prior to the final decision on revocation to consider whether the facts as determined warrant revocation. *Id.*

[10] Although the arguments Shepard raises in his brief are not entirely clear, they do not seem to be rooted in allegations of error regarding the parole revocation process. Instead Shepard argues, essentially, that (1) his parole was unlawfully revoked because his parole agent misled him to believe that his parole would not be revoked and he would not be returned to prison, under cause number FB-131, if he pleaded guilty to misdemeanor domestic battery under cause number F6-387; and (2) he would not have entered into the plea agreement had he known that his parole would be revoked and he would be returned to prison. Given Shepard's arguments, we find that the proper question before us is not

whether Shepard's plea was voluntary or whether his parole was unlawfully revoked; rather, the question to be addressed is whether the post-conviction court erred in granting summary disposition in favor of the State because genuine issues of material fact exist as to Shepard's claim that he would not have entered into the plea agreement if his parole agent had not misled him to believe that, by pleading guilty he would avoid the revocation of his parole and prison time.

[11] Shepard's post-conviction relief petition alleged that he would not have pleaded guilty under cause number F6-387 had his parole agent not misled him. He attached to his petition copies of text messages that purported to show the promises made to him by his parole agent. The post-conviction court's summary disposition order, however, did not contain specific conclusions regarding whether genuine issues of material fact existed as to whether Shepard's guilty plea was improperly induced and thereby involuntary. Instead, the order addressed the lawfulness of the parole revocation and concluded that based on Shepard's guilty plea, the parole revocation was lawful, Shepard was afforded due process, his constitutional rights were not violated, and the "alleged interaction between [Shepard] and his parole officer ha[d] no effect on the Parole Board's decision." Appellee's App. Vol II., p. 30.

[12] Shepard's petition raised issues regarding the voluntariness of his plea. We have found that the voluntariness of a plea involves issues of fact not appropriate for summary disposition. *See Hamner v. State*, 739 N.E.2d 157 (Ind. Ct. App. 2000). Our supreme court has held that an evidentiary hearing is

required when issues of fact are raised even if it is unlikely the petitioner will produce evidence sufficient to establish his claim. *Bailey v. State*, 447 N.E.2d 1088 (Ind. 1983).

[13] The issues Shepard raised regarding the voluntariness of his guilty plea could only have been resolved after an evidentiary hearing. He was entitled to a hearing. *See, e.g.*, *Hunter v. State*, 477 N.E.2d 317, 321 (Ind. Ct. App. 1985) (petitioner entitled to full evidentiary hearing where post-conviction relief petition presented factual issue of whether he pleaded guilty in response to promises of drug and alcohol treatment in prison). The post-conviction court erred in disposing of Shepard's petition for post-conviction relief by way of summary disposition.

[14] For the foregoing reasons, we reverse the post-conviction court's grant of summary disposition and remand for further proceedings.

[15] Judgment reversed and remanded.

Baker, J., and Najam, J., concur.