## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David Drummond
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Drummond,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

October 10, 2018

Court of Appeals Case No.
17A-PC-3041

Appeal from the Marion Superior Court

The Honorable Sheila Carlisle, Judge

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause Nos.
49G03-1606-PC-21055
49G03-0108-CF-161376

**Crone, Judge.**

# Case Summary

David Drummond appeals the post-conviction court's order granting the State's motion for summary disposition and denying his successive petition for post-conviction relief. He argues that the post-conviction court erred in concluding that he is not entitled to educational credit time. Concluding that Drummond has already been awarded the maximum amount of educational credit time permitted by statute and that he is not entitled to any more educational credit time, we affirm.

# Facts and Procedural History

In 2002, Drummond was convicted of class A felony child molesting and sentenced to fifty years. In 2004, Drummond completed the Life Skills Stress Management program and the Life Skills Anger Management program. On June 1, 2016, Drummond filed a successive petition for post-conviction relief, alleging that he was entitled to educational credit time for his completion of the stress and anger management programs, which had not been awarded.

On June 9, 2016, the post-conviction court summarily denied Drummond's petition. Drummond appealed, and on July 28, 2017, another panel of this Court concluded that summary disposition was improper because a genuine issue of material fact existed, reversed the grant of summary disposition, and remanded for further proceedings. *Drummond v. State*, No. 49A02-1606-PC-1278, 2017 WL 3203319, at * 3 (Ind. Ct. App. July 28, 2017). In so doing, we noted,

> The State points out that in 2007 Drummond received a letter indicating the programs were not eligible for credit time, but that Adult Offender Classification policy 01-04-101 indicates he was entitled to credit time.
>
> The State acknowledges that Drummond raised a genuine issue of material fact, making a summary denial inappropriate, and states that further proceedings are required in order to determine whether Drummond is entitled to relief. It states that this case should be remanded for further proceedings in which the State can respond to Drummond's petition and move for summary disposition if appropriate.

*Id*. at *2.

[4] On September 18, 2017, the post-conviction court issued a scheduling order, directing the parties to file any affidavits and/or pleadings on Drummond's successive petition for post-conviction relief no later than November 30, 2017. On November 29, 2017, the State filed a motion for summary disposition of Drummond's petition on the ground that Drummond had already received the maximum amount of statutorily allowable educational credits. The State attached the affidavit of Jennifer Farmer, director of the Sentence Computation and Release Unit at the Indiana Department of Correction ("IDOC"), in which she attested that "Drummond has received a total of 1460 days of educational credit, the maximum allowed for him under Indiana law and IDOC policy[,]" and therefore he "is not allowed to earn any additional educational credit." Appellant's App. Vol. 2 at 122-23. In her affidavit, Farmer reported that Drummond had received the following educational credits: 365 days for

completing an associate's degree in general arts on April 20, 2009; 730 days for completing a bachelor's degree in BD management on May 7, 2012; and 365 days on July 23, 2012, for completing a bachelor's degree in general study. *Id*. at 123.

On November 30, 2017, the post-conviction court issued an order granting the State's motion and denying Drummond's successive petition for post-conviction relief because "Drummond has received the maximum educational credit stipulated by statute and is not entitled to relief." *Id*. at 125. On December 1, 2017, Drummond filed a motion for summary disposition, which the post-conviction court denied. This appeal ensued.

## Discussion and Decision

Drummond argues that the court erred in granting the State's motion for summary disposition. At the outset, we note that Drummond is proceeding pro se. Pro se litigants without legal training are held to the same standard as trained counsel. *Pannell v. State*, 36 N.E.3d 477, 485 (Ind. Ct. App. 2015). We review an appeal of a grant of a motion for summary disposition in post-conviction proceedings in the same way as a motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). "Thus, summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact." *Id*. Post-Conviction Rule 1(4)(g) provides:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

[7] Although Drummond argues that he earned one year of educational credit time for his completion of the stress and anger management programs, he does not argue that there is a genuine issue of material fact.[1] Drummond does not dispute that he has received 1460 days of educational credit time as set forth in Farmer's affidavit or that he has received the maximum amount of educational credit time permitted by the applicable version of Indiana Code Section 35-50-6-3.3, which provided that "the maximum amount of credit time a person may earn under this section" is the lesser of four years or one-third of the person's total applicable credit time. Thus, Drummond has already received four years of educational credit and is not entitled to any more educational credit.

[8] Nevertheless, Drummond asserts that he was entitled to the educational credit time for the stress and anger management programs *at the time he earned them*

---

[1] Drummond also argues that the post-conviction court erred in ruling on the State's motion for summary disposition before it had received his motion. He notes that he sent his motion from prison by United States mail on November 27, 2017, but the chronological case summary indicates that the motion was filed on December 1, 2017. He argues that because he had to send his motion by United States mail, the post-conviction court was required to add three days to the November 30, 2017 deadline provided in the scheduling order to allow him to file his motion for summary disposition pursuant to Indiana Code Section 13-15-6-7. However, Section 13-15-6-7 is inapplicable because it applies to environmental permits, and Drummond directs us to no other authority to support his argument. Therefore, it is waived. *See Lyles v. State,* 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) (failure to present cogent argument or provide adequate citation to authority waives that issue for appellate review), *trans. denied*.

and that the excessive delay denied him his "constitutional right to receive the Credit Time." Appellant's Br. at 21. However, the cases he cites do not apply to educational credit time, and, other than his bald assertion, he does not make an argument that educational credit time should be considered a constitutional right. He also argues that although he has already received the statutory maximum of educational credit time, IDOC should be penalized for the excessive delay by awarding him educational credit time beyond the maximum. *Id*. at 22. Drummond does not direct us to any statutory authority for such action, and we are unaware of any. Because there is no genuine issue that Drummond has received the maximum amount of educational credit time, the post-conviction court did not err in granting summary disposition and denying his successive petition for post-conviction relief. Accordingly, we affirm.

[9] Affirmed.

Najam, J., and Pyle, J., concur