In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1378

ABDULLAH T. ALKHALIDI,

*Petitioner-Appellant*,

*v.*

RON NEAL,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:17-cv-00185-PPS-MGG — **Philip P. Simon**, *Judge.*

ARGUED NOVEMBER 4, 2019 — DECIDED JUNE 29, 2020

Before WOOD, *Chief Judge,* and BAUER and BRENNAN, *Circuit Judges.*

BAUER, *Circuit Judge.* Abdullah Alkhalidi ("Alkhalidi") was convicted of murder, robbery, and theft. He appealed, claiming that his attorney failed to advise him of a plea offer. The Indiana state court denied relief, holding Alkhalidi's innocence claim strongly indicated he would not have accepted the plea

deal. The state court also held that Indiana requires a defendant to admit a plea deal's factual basis otherwise the trial court would be prevented from entering the plea. Alkhalidi filed for habeas corpus relief and the district court denied the petition. For the following reasons, we affirm.

## I. BACKGROUND

On May 3, 1999, Alkhalidi was seen leaving a casino with another man ("the victim"). The victim was found dead a few days later with a gunshot wound to the head. Police found the victim's license plate and driver's license, blood in Alkhalidi's car, a gun, and other incriminating evidence in Alkhalidi's possession. In 2000, a jury convicted Alkhalidi of murder, robbery, and theft, and he was sentenced to a total of 65 years by the state trial court. The Indiana Supreme Court affirmed the first trial conviction on direct review. Although the record does not reflect the reason, the state trial court later granted a petition for post-conviction relief and ordered a new trial.

In September of 2007, Alkhalidi, his attorney, and the prosecutor met to discuss a plea deal. Following the meeting, the prosecutor proposed a plea offer with a strict deadline. On September 13, the prosecutor sent a letter to Alkhalidi's attorney that stated the best offer he could extend would be for Alkhalidi to plead guilty to robbery and auto theft. The letter stated the offer's deadline would be September 21, 2007.

In October, Alkhalidi moved to replace his attorney. The court held a pretrial hearing, wherein Alkhalidi discussed the plea negotiations and complained that his attorney did not advise him of the offer before it expired. Alkhalidi expressed

dissatisfaction with the plea and indicated he had a desire to counteroffer. The court denied Alkhalidi's motion.

At the retrial, Alkhalidi testified that his former roommate killed the victim in Alkhalidi's vehicle while Alkhalidi followed in a car he planned to sell as part of an insurance fraud scheme. Alkhalidi admitted to helping hide the body and receiving stolen money but denied any other involvement. A jury found Alkhalidi guilty on all counts and the trial court imposed a sentence of 65 years. The Indiana Court of Appeals affirmed the conviction.

In 2010, Alkhalidi filed a petition for post-conviction relief and, in 2014, Alkhalidi filed an amended petition. In 2015, the court held a post-conviction hearing. Alkhalidi testified that he would have accepted the offer or made a counteroffer. The trial court denied relief because Alkhalidi "maintained his innocence throughout the course of the proceedings" and failed to establish his acceptance of the plea offer. Indiana requires a defendant to admit the factual basis of the plea, otherwise the court is unable to accept the plea. Because Alkhalidi failed to establish prejudice, his petition was denied. The Indiana Court of Appeals affirmed.

Alkhalidi filed a federal writ of habeas corpus relief with the district court. The district court held that the Indiana Court of Appeals reasonably determined that Alkhalidi suffered no prejudice and rejected the argument that the state court erred by requiring Alkhalidi to establish the outcome of the trial would have been different instead of requiring a reasonable probability of a different outcome. The district court further

found that two of Alkhalidi's claims were procedurally defaulted. Alkhalidi timely appealed.

## II. DISCUSSION

We review *de novo* the district court's denial of a habeas petition. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006). A federal court may grant habeas corpus relief for a state prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the relief is limited. "Federal habeas review thus exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316–17 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). The petitioner must show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Sixth Amendment guarantees defendants a right to adequate assistance of counsel at the "critical stages" of litigation, including plea bargaining. *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Claims of ineffective assistance of counsel in the plea bargaining process require a petitioner to show

"counsel's representation fell below an objective standard of reasonableness" and not "reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985). The petitioner must also demonstrate a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland*, 466 U.S. at 694. Prejudice exists if there is a reasonable probability that the petitioner, prosecutor, and court would have accepted the plea. *Frye*, 566 U.S. at 147.

Here, Alkhalidi is unable to show prejudice. Alkhalidi fails to show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" and therefore we consider whether the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Alkhalidi fails to provide evidence that the state court erred in determining that he failed to meet his burden that he would have accepted the plea. Alkhalidi was inconsistent with his inclination to accept a plea offer. The record shows multiple instances where Alkhalidi expressed dissatisfaction with the plea process and indicated he was more interested in making a counteroffer. While stating his attorney informed him of the plea but failed to provide him with the letter, Alkhalidi misunderstood certain technical aspects including pleading guilty to lesser uncharged crimes. He claims he would have made a counteroffer to the prosecution. However, no evidence in the record suggests that Alkhalidi made any attempt to counteroffer within the six months before trial. Not until seven years later does Alkhalidi say he would have accepted the plea

or at the least, submit a counteroffer. Even that is not unequi-vocal.

A reasonable probability of Alkhalidi accepting a plea deal is unpersuasive considering his insistence on counteroffers. A counteroffer is, in essence, a rejection of the first offer. Rejected offers do not remain on the table to be accepted at a later date, which would leave no reasonable probability of Alkhalidi accepting the plea offer. "A prosecutor is under no duty to plea bargain at all, or to keep an offer open, as the offer remains in the discretion of the prosecutor." *Manges v. State*, 860 N.E.2d 928 (Ind. Ct. App. 2007). Nothing in the record shows any reasonable probability Alkhalidi would have pleaded guilty.

Even if we were convinced Alkhalidi would accept the plea deal, a reasonable probability the prosecutor and trial court would have accepted the plea deal is unpersuasive for the simple reason that Indiana requires the defendant to admit the factual basis of the plea. *Norris v. State*, 896 N.E.2d 1149, 1152 (Ind. 2008). The record shows that Alkhalidi remained commit-ted to advocating his innocence and showed no probability of abating.

Finally, Alkhalidi fails to meet the demanding doubly deferential standard that provides the benefit of the doubt to the state court and the defense attorney. He fails to show that no possibility existed that fair-minded jurists could disagree with his claims and that the state court's decision conflicts with the prejudice prong of *Strickland.* The state court was reason-able in finding Alkhalidi has not established he would have accepted the plea and the state court would have accepted the plea even if he had taken it. The district court properly held

that because Alkhalidi failed to present his remaining claims to the state court, they are procedurally defaulted and we decline review of those claims.

### III. CONCLUSION

The judgment of the district court is AFFIRMED and the writ of habeas corpus is hereby denied.