## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2020, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Joseph C. Lehman
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph C. Lehman, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | July 21, 2020 <br><br> Court of Appeals Case No. <br> 20A-PC-514 <br><br> Appeal from the <br> Elkhart Superior Court <br><br> The Honorable <br> David C. Bonfiglio, Judge <br><br> Trial Court Cause No. <br> 20D06-1904-PC-16 |

**Kirsch, Judge.**

[1] Joseph C. Lehman ("Lehman") appeals the denial of his petition for post-conviction relief. Lehman contends that the post-conviction court should have granted summary disposition in his favor on his claim that he did not validly waive his right to a jury trial in his direct appeal. Finding no error, we affirm.

## Facts and Procedural History

[2] Lehman was convicted of three counts of practicing law as a non-attorney, as Class B misdemeanors, and his convictions were affirmed by this court. *See Lehman v. State*, 55 N.E.3d 863 (Ind. Ct. App. 2016), *trans. denied*. Lehman filed a pro se petition for post-conviction relief ("the petition") on April 9, 2020, alleging that that he did not validly waive his right to a jury trial. *Appellant's App. Vol. II* at 3; *Appellee's App. Vol. 2* at 3. On August 14, 2019, Lehman requested summary disposition on the petition. *Appellant's App. Vol. II* at 5-7; *Appellee's App. Vol. 2* at 6-7. The post-conviction court conducted a hearing on the petition on November 7, 2019, at which both Lehman and the State presented argument. *Appellant's App. Vol. II.* at 5-6; *Tr. Vol. 2* at 1-26. On January 2, 2020, the post-conviction court denied the petition, finding that the claim in the petition was barred by res judicata and unavailable for post-conviction litigation and granting summary disposition in favor of the State. *Appellant's App. Vol. II.* at 6; *Appellant's Br.* at 7-9. On January 24, 2020, the post-conviction court denied Lehman's motion to reconsider. *Appellant's App. Vol. II.* at 6. Lehman now appeals.

# Discussion and Decision

[3] Lehman appeals from the post-conviction court's entry of summary disposition in favor of the State on his petition for post-conviction relief.[1] Indiana Post-Conviction Rule 1(4)(g) provides as follows with respect to summary disposition:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings the same way as a motion for summary judgment. *Brown v. State*, 131 N.E.3d 740, 742 (Ind. Ct. App. 2019) (citing *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008)), *trans. denied*. Thus, summary disposition—like summary judgment—is a matter for appellate *de novo* review. *Norris*, 896 N.E.2d at 1151.

---

[1] To the extent Lehman asserts that the post-conviction court erred by not entering findings and conclusions in its order denying his motion for summary disposition, we observe that the post-conviction court's order noted that the parties agreed that the facts are not in dispute, referred to the relevant portions of this court's opinion from Lehman's direct appeal concerning the factual and legal basis of his claim as to the validity of the waiver, and set forth its rationale in concluding that res judicata barred Lehman's post-conviction claim regarding the waiver's validity. *Appellant's Br.* at 6, 7-9. We find no error on this basis.

[4] Lehman contends that he did not validly waive his claim to a jury trial, that his state and federal due process rights were violated, and that he was "illegally denied" a jury trial because the trial court failed to follow Indiana Rule of Criminal Procedure 22. *Appellant's Br.* at 4. He asserts that he is entitled to judgment as a matter of law on summary disposition and that his convictions should be vacated. The State maintains that the post-conviction court correctly determined that the claim in Lehman's petition was previously addressed in his direct appeal and that res judicata bars him from raising it again in post-conviction litigation. We agree with the State.

[5] Post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post Conviction Rules. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) (citing Ind. Post-Conviction Rule 1(1)). As a general rule, when this court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *Id.* In addressing Lehman's claims concerning his jury trial waiver in his direct appeal, this court upheld the validity of Lehman's waiver as follows:

> Indiana Criminal Procedure Rule 22 provides as follows:
>
> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a

defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

On January 7, 2015, Lehman received and signed his advisement of rights and penalties which included the right "To a speedy and public trial by jury. In misdemeanors cases defendant MUST file a written request [ ] for a jury trial at least ten (10) days before the Omnibus date." Appellant's Amended App. p. 20. Indiana Code section 35-36-8-l(c) provides that

(c) The omnibus date for persons charged only with one (1) or more misdemeanors:

(1) must be set by the judicial officer at the completion of the initial hearing;

(2) must be no earlier than thirty (30) days (unless the defendant and the prosecuting attorney agree to an earlier date), and no later than sixty-five (65) days, after the initial hearing; and

(3) is the trial date.

The CCS shows that, at the March 18, 2015 hearing, the trial court set the omnibus date for April 22, 2015. Accordingly, Lehman was required to file a request for jury trial by April 12, 2015 or waive that right. Ind. Crim. Proc. R. 22. Lehman filed a request for jury trial on April 22, 2015. Accordingly, he waived his right to a jury trial. Lehman's argument that he was unaware that April 22 was considered his first scheduled trial date for Rule 22 purposes lacks merit. Ignorance is no excuse for failing to comply with the court's rules. *See generally Evolga v. State,* 519

N.E.2d 532, 534 (Ind. 1988) ("Ignorance of the court's procedural rules is not a valid reason for being granted permission to file a belated appeal.").

*Lehman*, 55 N.E.3d at 868. Lehman's claim in this post-conviction proceeding concerning his waiver of a jury trial has been previously litigated and was decided adversely to him on direct appeal. His post-conviction claim argues the same alleged error, which is a claim that was known and available to him during his direct appeal. Therefore, Lehman's claim is barred by res judicata. *See Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) (Noting that "[i]ssues available on direct appeal but not raised are waived, while issues litigated adversely to the defendant are *res judicata*.") The post-conviction court did not err in granting summary disposition in favor of the State and in denying Lehman's petition.

[6] Affirmed.

Najam, J., and Brown, J., concur.