

FILED
Jan 31 2024, 9:17 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Spencer Turner
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Spencer Turner,

*Appellant-Petitioner,*

v.

Mark Sevier,

*Appellee-Respondent.*

January 31, 2024

Court of Appeals Case No.
23A-MI-1053

Appeal from the Henry Circuit
Court

The Honorable Kit C. Dean Crane,
Judge

Trial Court Cause No.
33C02-2211-MI-137

**Opinion by Judge Mathias**
Judges Riley and Crone concur.

**Mathias, Judge.**

[1] Spencer Turner appeals the post-conviction court's grant of the State's motion for summary disposition of Turner's petition for post-conviction relief.[1] Turner raises three issues for our review, which we consolidate and restate as whether the post-conviction court erred when it granted the State's motion and denied Turner's petition for post-conviction relief. We agree with Turner that he was incarcerated only on alleged parole violations and not also on new criminal allegations during the timeframe in question. Accordingly, we reverse the post-conviction court's summary disposition and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

[2] In March 2020, Turner, an inmate at the Indiana Department of Correction's New Castle Correctional Facility, was released to a two-year-term of parole after having executed a portion of his underlying sentence. One year later, the State alleged new criminal allegations against Turner in Marion County, including an allegation of Level 1 felony child molesting. The State filed its information on those new criminal allegations in April 2021, and they remain pending.

---

[1] Turner styled his filing as a petition for a writ of habeas corpus, and, in one sentence in his brief on appeal, he suggests that the court erred when it converted his petition into a petition for post-conviction relief. One sentence is not an argument supported by cogent reasoning, and we therefore do not consider Turner's purported challenge to the court's assessment of his petition in this respect. *See* Ind. Appellate Rule 46(A)(8)(a). Accordingly, we refer to the judgment on appeal as a judgment on a petition for post-conviction relief.

[3] In light of the new criminal allegations, Turner's parole agent issued a parole violation warrant for Turner on March 19, 2021. Turner turned himself in on that warrant that same day, and he waived his right to a preliminary hearing before the Parole Board. Thereafter, no action was taken on his alleged parole violations, and Turner remained incarcerated without a hearing on those alleged violations. On December 9, 2022, the State served Turner with the warrant on the new criminal charges.

[4] In late 2022, Turner filed his petition for post-conviction relief. In his petition, he alleged that he had been held in custody only on the alleged parole violations between March 19, 2021, and December 9, 2022, and that being held for that length of time without a hearing on the alleged parole violations was contrary to his statutory and constitutional rights. In response, the State filed a motion for the summary disposition of Turner's petition on the ground that he had been held on both the alleged parole violations and the new criminal allegations during all relevant times, and, thus, the Parole Board had no statutory or constitutional obligation to act on the alleged parole violations while the new criminal allegations remained pending. The post-conviction court agreed with the State, granted the State's motion for summary disposition, and denied Turner's petition for post-conviction relief.

[5] This appeal ensued.

## Standard of Review

[6]     Turner appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review in such appeals is well-established:

> Post-conviction proceedings are civil proceedings in which a person may present limited challenges to a criminal conviction or a sentence. *See* Ind. Post-Conviction Rule 1; *Gibson v. State*, 133 N.E.3d 673, 681 (Ind. 2019), *cert. denied*. Generally, "[t]he scope of potential relief is limited to issues unknown at trial or unavailable on direct appeal." *Gibson*, 133 N.E.3d at 681. In a post-conviction action, the petitioner "has the burden of establishing his grounds for relief by a preponderance of the evidence." P-C.R. 1(5). If there are disputed factual issues, the trial court must hold an evidentiary hearing. P-C.R. 1(4)(g), 1(5). However, pursuant to Indiana Post-Conviction Rule 1(4)(g), the court "may grant a motion by either party for summary disposition of the petition when it appears from the [evidence] submitted . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." On appeal, we review "the grant of a motion for summary disposition in post-conviction proceedings . . . the same way as a motion for summary judgment." *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Indeed, "summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact." *Id.*

*Aguilar v. State*, 162 N.E.3d 537, 540 (Ind. Ct. App. 2020) (footnote omitted), *trans. denied*.

## The post-conviction court erred when it granted the State's motion for summary disposition of Turner's petition.

On appeal, Turner asserts that, between March 19, 2021, and December 9, 2022, he was incarcerated solely on the alleged parole violations. He further asserts that the length of that incarceration without a hearing on the alleged parole violations was contrary to his state and federal rights.[2]

Essential to Turner's argument is his contention that he was not formally held on the new criminal charges until he had been served with the warrant for those charges on December 9, 2022. On this point, Turner is correct. On March 19, 2021, Turner's parole agent issued a parole violation warrant against Turner, and Turner turned himself in that same day. From that day to December 9, 2022, the day on which the State served Turner with the arrest warrant for the new criminal charges in Marion County, Turner was incarcerated only on the alleged parole violations.

Nonetheless, the State suggests that Turner was formally incarcerated on the new criminal charges starting from the date in which the Marion Superior Court found there to be probable cause for the filing of the new charges, i.e., April 7, 2021. In support of that position, the State cites the opinion of another

---

[2] The crux of Turner's argument on appeal alleges due process violations, and his argument on that point is well taken. However, throughout his brief on appeal, Turner also references his right to equal protection, his right to bail, his right to be free from cruel and unusual punishment, and his right to be free from double jeopardy. None of those references are arguments supported by cogent reasoning, and we therefore do not consider them. *See* App. R. 46(A)(8)(a). Similarly, Turner requests in his brief that he receive a preliminary injunction; Turner cannot request such relief for the first time on appeal, and we do not consider it.

panel of this Court in *Abron v. State*, 141 N.E.3d 393 (Ind. Ct. App. 2019), *trans. denied*. But nothing in *Abron* states that the filing of an information is equivalent to an arrest, and we decline to read that opinion as the State does.

[10] Thus, Turner was incarcerated on alleged parole violations for approximately 630 days without a parole revocation hearing. Such a detention was contrary to law. Indiana Code section 11-13-3-10(a)(1) (2020) required the Parole Board to hold Turner's revocation hearing on the alleged parole violations within sixty days of him having surrendered himself on March 19, 2021, which the Parole Board did not do. Accordingly, the post-conviction court erred when it granted the State's motion for summary disposition of Turner's petition on the theory that he had been simultaneously held on both the alleged parole violations and the new criminal allegations during the timeframe in question.

[11] Indiana Code section 11-13-3-10(e) provides that, "[u]nless good cause for the delay [in holding a revocation hearing] is established . . . , the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a)." We therefore reverse the post-conviction court's summary disposition of Turner's petition and remand for the court to hold an evidentiary hearing to determine whether the State is able to show good cause for the delay in holding Turner's revocation hearing under section 11-13-3-10(e) or whether Turner is entitled to have the alleged parole violations dismissed.

[12] Reversed and remanded for further proceedings.

Riley, J., and Crone, J., concur.